## J. B. COLEMAN v. THE STATE.

### No. 4028.   Decided April 5, 1916.

#### 1.—Forgery—Suspended Sentence—Function of Jury—Rule Stated.

It is not the rule that a suspension of sentence follows as a matter of law if defendant was not convicted of felony, before he was tried for the felony of forgery, it is the function of the jury that if they find that defendant has not been convicted of felony to consider and determine whether or not the evidence in their opinion justifies a suspension of sentence, and where they do not rec· ommend such suspension of sentence the matter is therewith determined.

#### 2.—Same—Argument of Counsel—Harmless Error.

Where, upon trial of forgery, the defendant entered a plea of guilty and asked that his sentence be suspended, there was no reversible error in the remarks of the district attorney that people blamed him for being too easy, etc., and that they must pass on the question of suspending the sentence, so he could say that the jury did it; defendant receiving the lowest penalty.

Appeal from the District Court of Bell. Tried below before the Hon. John D. Robinson.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Clem C. Countess,* for appellant.—On question of argument of counsel: Parker v. State, 67 S. W. Rep., 121; McKinley v. State, 52 Texas Crim. Rep., 182, 106 S. W. Rep., 342; Knight v. State, 55 Texas Crim. Rep., 243, 116 S. W. Rep., 56.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was charged with forgery; he entered a plea of guilty, and asked that his sentence be suspended. The jury assessed his punishment at two years confinement in the State penitentiary, and refused to suspend the sentence.

Appellant contends that the court erred in leaving it to the jury to decide whether or not they would suspend the sentence, his contention being that the only question the court should have submitted to the jury was whether or not he had ever before been convicted of a felony, and if they found he had not, a suspension of the sentence followed as a matter of law. This is not a correct construction of the statute. The law in plain terms provides that no man can have his sentence suspended if he has theretofore been convicted of a felony, and the jury must first find whether or not under the evidence the person on trial has ever been convicted of a felony before they can consider the plea for a suspended sentence. If the jury finds that the person on trial has theretofore been convicted of a felony, no further inquiry can be made. If they find that he has not been convicted of felony, then they should consider and determine whether or not the evidence, in their opinion, justifies a suspension of the sentence. This is a question

for the jury to determine, and not for the court, and the court did not err in submitting that question to the jury.

The only other bill in the record complains of the remarks of the district attorney on the question of suspension of the sentence. The district attorney said, "Some people blamed him for being too easy; that if the jury turned this defendant loose, and they heard any criticism on account of the sentence being suspended, he wanted them to tell that they, the jury, did it." Under the plea of guilty, and evidence adduced in this case, we do not think such remarks would authorize a reversal of the case. No other or different verdict, under his plea of guilty, could or would be arrived at on another trial, he having been given the lowest penalty.

The judgment is affirmed.

*Affirmed.*